James P. BAILEY, Appellant,

v.

William R. TRAVIS, Appellee.

No. 5625.

Court of Civil Appeals of Texas, Eastland.

July 9, 1981.

Rehearing Denied Sept. 3, 1981.

Malcolm Greenstein, Greenstein & Kolker, Austin, for appellant.

David W. Hilgers, Hilgers, Watkins & Kazen, Austin, for appellee.

McCLOUD, Chief Justice.

The question is whether a legal malpractice claim had "matured" and was, therefore, a compulsory counterclaim in a suit filed by an attorney against his former client for attorney's fees.

James P. Bailey sued his former attorney, William R. Travis, on September 13, 1979, for alleged negligent acts and omissions committed by the attorney in September of 1977 during the trial of a case. The trial court granted the attorney's motion for summary judgment. Bailey appeals. We affirm.

This appeal involves three lawsuits. In the first suit (Bailey I), James P. Bailey sued Doyle K. Tuck in the 21st Judicial District Court of Bastrop County. The case was tried in September of 1977. Travis represented Bailey at the trial. Following the trial, Bailey employed a different attorney to appeal Bailey I.

In 1978, attorney Travis sued Bailey (Bailey II) in the 201st District Court of Travis County for the balance of his attorney's fees in connection with his employment in Bailey I. Bailey did not file a counterclaim urging malpractice. The case was tried before a jury on January 15, 1979. The attorney was awarded a judgment on February 16, 1979, for $9,641.50 for his attorney's fees in Bailey I.

On September 13, 1979, Bailey filed the instant suit (Bailey III) in the 261st District Court of Travis County seeking damages for the alleged negligent conduct of the attorney during the trial of Bailey I.

On December 5, 1979, the Court of Civil Appeals for the Third Supreme Judicial District of Texas, affirmed the decision of the trial court in Bailey I. Application for Writ of Error was pending before the Texas Supreme Court when the trial court granted motion for summary judgment in the instant case (Bailey III).

The issue is narrow. If Bailey's malpractice claim was "mature" when he was sued by Travis (Bailey II) for attorney's

**144**

fees, then the summary judgment in the instant appeal is proper because Bailey failed to file a compulsory counterclaim as required by Tex.R.Civ.P. 97.[1] See *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973); 2 McDonald, Texas Civil Practice § 7.49 p. 287 (1970).

The thrust of Bailey's argument is that his malpractice claim was not mature at the time he answered in Bailey II because the trial court's judgment in Bailey I was on appeal, and it was "unsettled during the pendency of Bailey II what damages, if any," Bailey had suffered as a result of the alleged malpractice.

We have found no cases which we consider to be directly in point. There are statements in *Corpus Christi Bank & Trust v. Cross*, 586 S.W.2d 664 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.), and *In re McCoy*, 373 F.Supp. 870 (W.D.Tex. 1974), that a claim for malpractice must be urged as a compulsory counterclaim in a suit for fees. The facts in those cases are distinguishable, however, and the opinions are not controlling.

We agree with Travis that "maturity" of a counterclaim is not necessarily equivalent to "accrual" of a malpractice cause of action for statute of limitations purposes. We would, however, hold that Bailey's malpractice cause of action accrued before Bailey II was filed. Bailey clearly suffered harm when the judgment was entered against him in Bailey I at the trial court level, and he was forced to appeal the decision. It was not necessary that the full extent of the damages be known. *Anderson v. Sneed*, 615 S.W.2d 898 (Tex.Civ.App.—El Paso 1981, writ pending); *Cox v. Rosser*, 579 S.W.2d 73 (Tex.Civ.App.—Eastland 1979, writ ref'd n. r. e.); *Woodburn v. Turley*, 625 F.2d 589 (5th Cir. 1980); *Pack v. Taylor*, 584 S.W.2d 484 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.); *Budd v.*

*Nixen*, 6 Cal.3d 195, 98 Cal.Rptr. 849, 491 P.2d 433 (Cal.1971).

We think that Bailey's malpractice claim against Travis was "mature" at the time Bailey answered in Bailey II. At that point the judgment in Bailey I had been entered. Furthermore, when Bailey was sued in Bailey II for legal fees, he was forced to defend that action. It was apparent that when he filed his answer in Bailey II, he had been damaged or harmed as a result of the alleged malpractice. Prior to filing his answer in Bailey II, Bailey's claim resulting from the alleged legal malpractice had ripened into an enforceable cause of action, even though the full extent of his damages might not have been known.

*Gray v. Kirkland*, 550 S.W.2d 410 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.) and *Denbina v. City of Hurst*, 516 S.W.2d 460 (Tex.Civ.App.—Tyler 1974, no writ) cited by Bailey are factually distinguishable. They involved contractual debts that were not due.

Judgment of the trial court is affirmed.

---

1. (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction . . . .

(d) Counterclaim Maturing or Acquired After Pleading. A claim which either matured or was acquired by the pleader after filing his pleading may be presented as a counterclaim by amended pleading.