Ray HARDY, District Clerk, Relator,

v.

The Honorable Lamar
MCCORKLE, Respondent.

J. Huey O'TOOLE and J. Huey
O'Toole, P.C., Relators,

v.

The Honorable Sharolyn
WOOD, Respondent.

J. Huey O'TOOLE, Relator,

v.

The Honorable Lamar
MCCORKLE, Respondent.

Nos. 01–89–00020–CV, 01–89–00024–CV
and 01–89–00025–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 24, 1989.

Joan Denton, Asst. County Atty., Houston, for relator.

Bobbie G. Bayless, Bayless & Stokes, Richard J. Wilson, Fulbright & Jaworski, David A. Gibson, Houston, for respondent.

Before DUNN, HUGHES and WARREN, JJ.

WARREN, Justice.

This action encompasses three requests for relief.

In the first cause, District Clerk Ray Hardy seeks a writ of prohibition to prohibit District Judge Lamar McCorkle from reassigning a suit for attorney's fees pending in Judge Allen Daggett's family court to a civil district court.

In the second case, Judge Huey O'Toole, plaintiff in the suit to collect attorney's fees, and defendant in a legal malpractice suit, asks for a mandamus against Judge Sharolyn Wood, directing her to rescind her order requiring the district clerk to deliver all papers in the malpractice suit against O'Toole to Judge Wood's court. In the third cause, O'Toole seeks relief by writ of prohibition or mandamus from Judge McCorkle's inchoate order to transfer.

These actions involve the Harris County local rules as they pertain to the assignment and reassignment of cases, and the authority of the judges under the rules.

Harris County has four separate trial divisions: criminal, civil, family, and probate. The district clerk accepts all filings, except probate, and initially assigns each case to the appropriate division. But each division maintains its own docket and promulgates its own rules, which vary in some degree from the other divisions' rules. Each of these courts, except the probate courts, has general jurisdiction over all district court matters. Local rules limit the assignment of cases to these courts.

These actions arise because of different interpretations given these rules.

O'Toole represented Susan Elizabeth Jenness in her suit for divorce, which was granted December 7, 1987, in Judge Daggett's family court. On February 2, 1988, O'Toole sued Jenness for unpaid attorney's fees allegedly incurred in the divorce proceeding. This suit was assigned to Judge Daggett's court, allegedly at the insistence of O'Toole or his representative.

On March 11, Jenness sued O'Toole for alleged malpractice arising from O'Toole's representation in the divorce case. This case was randomly assigned by the district clerk to Judge Wood's civil district court.

On October 10, 1988, pursuant to O'Toole's motion, Judge Daggett consolidated the malpractice case filed in Judge Wood's court with the suit for attorney's fees filed in his court. We note that the malpractice case was a compulsory counterclaim to the suit for attorney's fees. *Bailey v. Travis*, 622 S.W.2d 143 (Tex.App.—Eastland 1981, writ ref'd n.r.e.).

Jenness then filed a motion for leave to file a writ of mandamus with this Court, challenging the consolidation. We refused the writ, concluding that Jenness had not shown that Judge Daggett abused his discretion by assuming jurisdiction. *Jenness v. Daggett*, No. 01–88–01031–CV (Tex.App.—Houston [1st Dist.], November 23, 1988, orig. proceeding) (ordered not published) [1988 WL 125197].

Judge Daggett preferentially set the consolidated case for trial on December 14, and announced discovery guidelines.

After a December 9 hearing, on a motion for sanctions filed by O'Toole, Judge Daggett found that sanctions should be imposed. He ordered that: (1) Jenness' counterclaim be dismissed, (2) default judgment be entered against Jenness on O'Toole's claim, and (3) Jenness pay attorney's fees to O'Toole's lawyers. However, he set out several conditions, which, if kept by Jenness, would have the effect of removing the sanctions.

On the same day, O'Toole and Jenness settled the two causes of action and executed a written instrument embodying the terms of the mutual release. One of the terms of the release required the parties to file a mutual take-nothing judgment in cause no. 88–04999, the consolidated case pending in Judge Daggett's court.

On December 16, Judge Wood, on her own motion, signed an order deconsolidating the two cases pending in Judge Daggett's court and transferring the legal malpractice case back to her court. Her order further commanded the district clerk to secure all papers filed in the malpractice case and deliver them to her courtroom. Additionally, the order prohibited the parties, their agents, servants, and attorneys from presenting any motions, orders, or requests for relief to any other judge except her.

On December 19, Judge Daggett signed a judgment in the consolidated cause, which was entered in accordance with the previously executed release, and was approved and agreed to by the attorneys for O'Toole and Jenness.

On January 3, 1989, Jenness filed a motion for new trial in Judge Wood's court, seeking to set aside Judge Daggett's December 9 sanctions order, his December 19 judgment, and the release, and to order O'Toole to repay the money paid by Jenness to secure the settlement.

Simultaneous to the filing of the motion for new trial, Jenness filed a petition for a writ of mandamus and injunctive relief, with Judge McCorkle, who was the ancillary judge. Jenness' application for mandamus and injunctive relief cited the history of the malpractice and attorney's fees cases, and set forth the alleged wrongs she suffered because of the misassignment, consolidation, and the granting of sanctions. She prayed that Judge McCorkle order the district clerk to reassign the attorney's fees case to the civil division, and that by injunction, order O'Toole to return the money Jenness paid him for the release.

Both of Jenness' requests for relief were based on the theory that since Judge Wood signed an order transferring the malpractice case back to her court before Judge Daggett signed the judgment on the consolidated case, which included the malpractice case, Judge Daggett's judgment was a nullity.

After a hearing, Judge McCorkle, sitting as the ancillary judge, orally granted the mandamus against the district clerk, but denied the temporary injunction. Judge McCorkle declined to sign a written order pending the outcome of this proceeding.

Jenness' claim of misassignment of the attorney's fees suit is based on Rule 3.2.1 of the Harris County District Court Rules, which reads:

> Prior Judgment. Any claim for relief based upon a prior judgment shall be assigned to the court of original judgment.

■ In answer to Jenness' application for writ of mandamus seeking to correct the alleged misassignment of the suit for attorney's fees to Judge Daggett's court, we declined to hold that Judge Daggett abused his discretion in assuming jurisdiction of the case under the above rule. *Jenness v. Daggett*, No. 01–88–01031–CV, slip op. at p. 3. Despite our determination in that cause, Jenness continued to insist that the case had been misassigned, and that O'Toole was guilty of "forum shopping" by filing the case in Daggett's family court. Jenness further contends that the interpretation of the rule by the district clerk and the judges is that the attorney's fees suit should not have been returned to the court that issued the original judgment, unless the relief sought in the new suit was specifically granted in the original judgment.

■ Whether the suit for attorney's fees, the first of the two consolidated cases filed, was properly filed in Judge Daggett's court, according to the local rules, it was filed in a court having jurisdiction over the parties and the subject matter. As such, its orders and judgment, could not be countermanded by another district court unless such orders or judgment were otherwise void. *Browning v. Placke*, 698 S.W.2d 362 (Tex.1985); *Humble Exploration Co. v. Walker*, 641 S.W.2d 941 (Tex.App.—Dallas 1982, no writ).

Once Judge Daggett's court acquired jurisdiction over the case, that jurisdiction was dominant. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974). Until that court was properly relieved of its jurisdiction, either by mandamus or by an order of a judge authorized to

do so under the local rules, no other district court had authority to issue conflicting orders in the case or cases.

Rule 3.2.3 of the Civil Trial Division provides in part:

Consolidation. A motion to consolidate cases shall be heard in the court where the lowest numbered case is pending.

■ Under this rule, Judge Daggett was required to hear O'Toole's motion to consolidate. Further, since the malpractice claim was a compulsory counterclaim to the suit for attorney's fees, it was within Judge Daggett's discretion to consolidate the two cases. Tex.R.Civ.P. 174.

■ Respondents urge that the local rules do not provide for the consolidation of cases between different divisions. We do not consider the absence of an express rule authorizing a consolidation of cases between divisions, to be an absolute bar preventing a judge in one division from consolidating a later action filed in another division, particularly in a situation such as the present, where the later case is a compulsory counterclaim to the earlier case.

■ We hold that neither Judge Wood nor Judge McCorkle had jurisdiction to interfere or review the order of consolidation or the agreed judgment entered by Judge Daggett. It follows that Judge Wood's December 16 order de-consolidating the two cases is void, and she has no jurisdiction to entertain the motion for new trial filed in her court. It also follows that Judge McCorkle lacked jurisdiction to order Ray Hardy to reassign the attorney's fees suit.

There is no written order embodying Judge McCorkle's decision.[1] Therefore, by filing the petition before Judge McCorkle signed the order, relators are limited to asking this Court to issue writs of prohibition against him.

■ We may issue writs of prohibition only to protect our jurisdiction. *Lesikar v. Anthony,* 750 S.W.2d 338 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding); *Shelvin v. Lykos,* 741 S.W.2d 178 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding); Tex.Gov't Code Ann. § 22.221(a) (Vernon Pamp.1988). In this case we have no jurisdiction to protect.

The procedural step of asking a court of appeals to grant a motion for leave to file a petition for writ of mandamus under Tex. R.App. 121(a)(1) is essentially an invitation for the court of appeals to invoke its original proceeding jurisdiction. Rule 121(d) provides that the court may grant temporary relief *after* granting the motion for leave to file. By overruling the motion for leave to file, the court refuses to assume jurisdiction to consider the merits of the request for relief.

Thus, by overruling Jenness' earlier motion for leave to file petition for writ of mandamus, the court refused jurisdiction over the case. The court will grant the motion for leave and assume jurisdiction only if the court is "of the tentative opinion that relator is entitled to the relief sought." Tex.R.App.P. 121(c). We did not assume jurisdiction, therefore, under that order we have no jurisdiction to protect. Because we are without jurisdiction to issue a writ of prohibition in this instance, relators request for writs of prohibition are denied.

We do have jurisdiction to issue a writ of mandamus.

■ Mandamus is a proper remedy to settle a conflict of jurisdiction between courts. *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex.1974).

Respondents' applications for writ of mandamus against Judge Wood are conditionally granted. We are confident that Judge Wood will rescind her December 16 order and dismiss the motion for new trial

---

1. Once the court of appeals grants leave to file an original proceeding, the usual practice by Harris County trial judges is to refrain from issuing any order that might conflict with a potential order by the appellate court. This inaction does not include: 1) reconsideration of the relief requested in the appellate court such that the trial court's action moots the case before the appellate court or, 2) in appropriate cases, issuing other orders in that case not affecting the subject matter of the original proceeding.

filed in her court. Therefore, the writs will issue only if she refuses to do so.

We are also confident that Judge McCorkle will rescind his oral pronouncement granting the mandamus, and will not sign the written order. Therefore, the written application for mandamus against him is denied, without prejudice to relators' rights to refile if other orders are issued contrary to this opinion.