**Rocky Dale GEORGE, Individually and as Next of Friend of Lindsey Ann George, A Minor, Appellant,**

v.

**PHILLIPS PETROLEUM COMPANY, et al., Appellee.**

No. 14–97–00598–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 10, 1998.

James B., Manley, Pasadena, for appellant.

Reagan W., Simpson, Houston, for appellee.

Before ANDERSON, EDELMAN and O'NEILL, JJ.

**OPINION**

ANDERSON, Justice.

This is an attempted appeal from a final judgment denying jurisdiction over the claim of Rocky Dale George [George] due to the prior transfer of his claim to another court. We dismiss this appeal for want of jurisdiction.

George initially filed a petition in intervention against Phillips Petroleum Company [Phillips] in the 11th District Court.[1] Sometime later, George filed an agreed motion to consolidate his claim with claims then pending in the 151st District Court. That motion was granted by an Agreed Order to Consolidate signed July 6, 1994.[2] The consolidation order, incorporated into the final judgment entered in the 11th District Court, was signed by the presiding judge of the 151st District Court.[3] As the briefs recite and as counsel for both parties acknowledged at submission, Phillips filed a motion for an interlocutory summary judgment in the 151st District Court against George. Phillips' motion was subsequently granted on May 29, 1996. George's counsel, in responding to the motion, never raised an issue as to the validity of the Agreed Order to Consolidate.

Meanwhile, on August 28, 1996, the 11th District Court issued a general notice to all counsel in its Phillips litigation that it intended to dismiss for failure to file a final order. Nevertheless, George procured a severance of his cause from the other claims pending in the 151st District Court litigation, and appealed the summary judgment entered against him to this court. We dismissed, however, for failing to perfect appeal in a timely manner. *See Rocky Dale George v. Phillips Petroleum Co.*, No. 14–96–01194–CV, 1996 WL 640636 (November 7, 1996). Thereafter, George filed a motion to retain in the 11th District Court which the court subsequently granted.[4]

Phillip's trial counsel filed a proposed final judgment in the 11th District Court and sent notice to all parties that a hearing would be held on the proposed judgment. At the hearing, George's counsel argued the July 6, 1994 consolidation order was invalid because it was signed by the 151st District Court judge and not the 11th District Court judge. He also argued George had relied on the 11th District Court's reinstatement and had not fully followed through with efforts to appeal the 151st District Court summary judgment against him. The 11th District Court declined to follow George's argument and signed a final judgment on April 2, 1997 in cause number 90–034009.

The April 2, 1997 final judgment contained the following language:

*The Transferred Plaintiff.* By an Agreed Order to Consolidate dated July 6, 1994, Rocky Dale George secured a transfer of his claim, individually and as next friend of Lindsey Ann George, minor, to the 151st Judicial District Court of Harris County, into Cause No. 89–46055. A copy of this order is attached and incorporated into this judgment. Thus, this Judgment in no way affects or adjudicate [sic] the claims of Rocky Dale George, individually and as next friend of Lindsey Ann George, minor, as the Court no longer has jurisdiction over those claims.

It is from this judgment George attempts to appeal.

We must inquire into our own jurisdiction, even if it is necessary to do so sua sponte. *See White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1990, no writ); *McClennahan v. First Gibraltar Bank*, 791 S.W.2d 607, 608 (Tex.App.—Dallas 1990, no writ). Appellate court jurisdiction

---

1. The underlying controversy in this case involves an explosion and fire occurring at a Phillips chemical complex. The explosion spawned multi-party litigation filed in both the Harris County 11th District Court and the Harris County 151st District Court.

2. The litigation in the 151st district court was initially filed in 1989 and bore docket number 89–46055. The litigation in the 11th District Court was filed in 1990 as docket number 90–34009.

3. In Harris County, any case may be consolidated and transferred from one civil district court to another civil district court. *See* HOUSTON

(TEX.) CIV. DIST. CT. LOC. R. 3.2.3; *see also* TEX. GOV'T CODE ANN. § 74.093 (Vernon 1988); TEX. R. CIV. P. 330(e). On a motion to consolidate, the motion shall be heard in the court where the lowest numbered case is pending. *See* HOUSTON (TEX.) CIV. DIST. CT. LOC. R. 3.2.3(a).

4. In his motion to retain, George states that his case has "purportedly" been transferred to the 151st District Court, and he is appealing the summary judgment rendered against him in the 151st District Court but he nevertheless desires to prosecute his case in the 11th District Court if his case is still pending there.

over the merits of a case extends no further than that of the court from which the appeal is taken. *See Pearson v. State,* 159 Tex. 66, 315 S.W.2d 935, 938 (Tex.1958). The general rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *See Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974). However, once a case is transferred, as part of a proper consolidation, the transferee court assumes jurisdiction of the cause to the exclusion of the transferor court. *See e.g. Hardy v. McCorkle,* 765 S.W.2d 910, 912–13 (Tex.App.—Houston [1st Dist.] 1989, no writ)(holding consolidation by a family court, under local rules, of a claim pending in another Harris County district court into a lower numbered pending case in the Harris County family district court vested jurisdiction in the family court ordering consolidation and no other court had jurisdiction to issue conflicting orders in the case).

■ Applying the analysis in *Hardy* to the facts here, once the 151st District Court consolidated George's case into the Phillips litigation pending in that court, the 11th District Court had no jurisdiction to issue contrary orders. Thus, any order retaining George's case issued by the 11th District Court was improper. Only the 151st District Court had jurisdiction over George's case, not the 11th District Court. *See id.* at 913. Accordingly, the 11th District Court corrected its prior error by recognizing the 151st District Court's jurisdiction over George's claim and expressly declining to address his claim in the April 2, 1997 final judgment in the Phillips litigation pending in the 11th District Court.

Because the 11th District Court had no jurisdiction over George's claim, we have no jurisdiction to entertain this appeal.[5] Accordingly, we dismiss for want of jurisdiction.[6]

**O'NEILL, Justice, concurring.**

Although I generally agree with the majority opinion, I do not agree that the order issued by the 11th District Court retaining appellant's case on the docket was "improper." The 11th District Court's DWOP Notice, sent to over 150 plaintiffs in the case, stated that, although a settlement, verdict, or decision dispositive of the case had been made, a final order had not been signed disposing of the case on the 11th District Court's docket. As a result, the court notified the parties their cases would be dismissed if no final order was submitted. Appellant filed a motion to retain, questioning the propriety of the consolidation order signed by the 151st District Court. Although we do not specifically know why the 11th District Court retained the case, there could be a number of reasons, such as allowing the court to (1) review the consolidation order, (2) obtain a copy of the consolidation order for its file, and/or (3) determine the status of the proceedings in the 151st District Court. There is nothing to indicate the 11th District Court retained appellant's case for other than administrative purposes; it did not attempt to adjudicate appellant's claims or improperly exercise jurisdiction over them. To the contrary, the 11th District Court signed a final judgment incorporating the 151st District Court's consolidation order and disposing of all claims except those of appellant, over which the court specifically acknowledged it had no jurisdiction. Because I do not believe the 11th District Court acted "improperly" in retaining the case, I respectfully concur.

---

**5.** We note, if George believed jurisdiction in the 151st district Court was improper, there were available avenues for challenging jurisdiction which George apparently declined to utilize. *See Republic Royalty Co. v. Evins,* 931 S.W.2d 338, 341–42 (Tex.App.—Corpus Christi 1996, no writ)(noting mandamus relief is possible when case becomes deadlocked between two courts); *see e.g. European Crossroads' Shopping Ctr., Ltd. v. Criswell,* 910 S.W.2d 45, 51–52 (Tex.App.—

Dallas 1995, writ denied)(accepting appeal of trial court's overruling of objection to motion to transfer where appeal taken from transferee court).

**6.** Pursuant to Appellate Procedure Rule 42.3, this court gave all parties ten days' notice of its intent to dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3.