NO. 07-07-0253-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2008
______________________________
Â 
CURTIS LEE THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18888-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Curtis Lee Thompson, appeals his conviction for unlawful possession of
a firearm by a felon and sentence of 20 years incarceration in the Institutional Division of
the Texas Department of Criminal Justice and $500 fine. On September 24, 2007, the
clerkâs record was filed in this cause. On September 25, 2007, this court sent
correspondence to the trial court, trial court clerk, and counsel for appellant and the State
noticing that the clerkâs record does not contain a certification of defendantâs right of
appeal. This correspondence directed that a certification of defendantâs right of appeal,
complying with Texas Rule of Appellate Procedure 25.2, be filed with the trial court clerk
within 30 days and that the trial court clerk either file a supplemental clerkâs record that
includes the certification within 15 days of its filing or notify the Clerk of this Court that the
certification was not filed within 45 days of our correspondence. To date, this Court has
not received either a supplemental record containing a certification of defendantâs right of
appeal or notice that such certification was not filed.
Â Â Â Â Â Â Â Â Â Â A trial courtâs certification of defendantâs right of appeal must be included in the
appellate record, but the certification may be added by amendment, supplement, or order
of this Court. Tex. R. App. P. 25.2(d).
Â Â Â Â Â Â Â Â Â Â We, therefore, abate this appeal and remand the cause to the trial court for further
proceedings. Upon remand, the trial court shall utilize whatever means necessary,
including a hearing, if necessary, to determine if appellant still desires to prosecute this
appeal. Appellantâs counsel has notified this court that appellant may no longer desire to
prosecute this appeal. However, no motion to dismiss the appeal, complying with Texas
Rule of Appellate Procedure 42.2(a), has been received by this Court. 
Â Â Â Â Â Â Â Â Â Â Without regard to whether appellant still desires to prosecute this appeal, the trial
court is directed to certify whether appellant has the right of appeal. See Tex. R. App. P. 
25.2(a)(2), (d).


 Furthermore, the trial court shall cause the certification manifesting its
decision to be included in a supplemental clerkâs record. 
Â Â Â Â Â Â Â Â Â Â If any hearing is held on these matters, it shall be transcribed, which transcription
the trial court shall cause to be included in a supplemental reporterâs record. So too is the
trial court directed to cause both the supplemental clerkâs and reporterâs records to be filed
with the Clerk of this Court on or before February 25, 2008. Should the trial court require
more time to comply with the directions of this Court, it must request an extension prior to
February 25, 2008.
Â Â Â Â Â Â Â Â Â Â Accordingly, the appeal is abated and the cause is remanded for further
proceedings.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam











Do not publish. 



Priority="71" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









   NO. 07-08-0450-CV

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN THE COURT OF
APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE SEVENTH DISTRICT OF
TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
E

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FEBRUARY
2, 2010

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

CORNWALL PERSONAL INSURANCE AGENCY, INC.,

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  RONALD J. HETTLER, AND ROBIN HETTLER,
APPELLANTS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ROBERT N. NEBB, MICHAEL
CARPER, AND THE LAW

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  OFFICES OF MICHAEL CARPER, P.C.,
APPELLEES

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ________________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 237TH DISTRICT COURT OF
LUBBOCK COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 2006-537,428; HON. SAM MEDINA,
PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Before CAMPBELL and PIRTLE, JJ., and BOYD, S.J.[1]

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM
OPINION

 Â Â Â Â  This
appeal arises from a take-nothing summary judgment in favor of appellees Robert N. Nebb (Nebb), Michael H. Carper, and the Law Offices of Michael H.
Carper, P.C. (Carper), in a suit filed by appellants Cornwall Personal
Insurance Agency, Inc. (CPI), and Ronald J. Hettler
and Robin Hettler against appellees.Â  In the suit, appellants alleged that Nebb was guilty of legal malpractice and violations
of the Texas Deceptive Trade Practices Act (DTPA) for which Carper was
vicariously liable because at all relevant times Nebb
was employed by Carper.Â  Appellees initially responded to the suit by a general
denial and by asserting affirmative defenses including res judicata and judicial estoppel.Â  

Subsequent to
the filing of their answer, appellees filed a motion
seeking summary judgment.Â  As grounds for
that motion, they argued:Â  1) res judicata, as a matter of law, barred all claims; 2)
judicial estoppel, as a matter of law, barred all claims;
3) the statute of limitations and the professional services exemption barred
the DTPA claims; 4) as a matter of law, Nebb was not
negligent with regard to certain alleged failures to object to jury questions;
and 5) as a matter of law, there was no proximate cause on appellants=
allegations that Nebb failed to preserve error on
matters relating to a Daubert/Robinson challenge
to expert witness testimony and to jury questions submitted in the course of
that trial.Â  Prior to the time the
summary judgment motion was set for hearing, appellants non-suited their DTPA
claims.Â  After the hearing, and without
specifying its reasons for doing so, the trial court granted the motion and
rendered a take-nothing summary judgment.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Background

In the 1997 suit
underlying the one giving rise to this appeal, William David Brenholtz filed suit against CPI and the Hettlers (the Brenholtz suit)
seeking the recovery of various damages suffered as the result of an alleged
wrongful termination of his employment relationship with them.Â  The ensuing jury trial resulted in a March
22, 2002 judgment against the Hettlers and CPI.








Subsequent to
the judgment, and on April 12, 2002, CPI filed a Chapter 11 bankruptcy
proceeding, as did the Hettlers on April 15,
2002.Â  In doing so, they were assisted by
Nebb in the selection and employment of their
bankruptcy counsel.Â  In those
proceedings, appellees filed a proof of claim for the
unpaid balance of Nebb=s fees
for representing appellants in the Brenholtz suit
which resulted in the payment of those fees.Â 
In the bankruptcy schedules listing all of appellants=
assets and liabilities, although they included a potential legal malpractice
claim against another attorney who had represented them in the Brenholtz suit prior to Nebb=s
employment in that suit, they did not list any potential claim against any appellees.Â 
Ultimately, the bankruptcy court approved reorganization plans submitted
by appellants which resulted in the payment of the Brenholtz
judgment and the ultimate closure of the Hettlers=
bankruptcy on July 26, 2006, and that of CPI on June 24, 2004.

In July of 2005,
with pleadings signed by Nebb, appellants filed a
bill of review proceeding in the 364th District Court of Lubbock
County in which they sought a review of the Brenholtz
suit on the basis that, in a related lawsuit against the Travelers Insurance
Company, they had discovered information that had not been revealed by Brenholtz, and which, they alleged, would have made a
difference in the original suit.Â  Appellee NebbÂ  represented
appellants in that proceeding.Â  In that
suit, despite Nebb=s
testimony that such an imposition was not justified, sanctions were assessed
against appellants on the basis that appellants had notÂ  exercised due diligence in bringing the newly
discovered evidence to the attention of the court.








The suit against
appellees, which gives rise to this appeal, was filed
on December 12, 2006, over four years after the trial of the Brenholtz suit, two years after the close of the CPI
bankruptcy, and some six months after the close of the Hettler
bankruptcy.Â  Appellants assert the suit
could not have been filed sooner because it was not until the fall of 2006,
when they consulted another attorney, that they then
learned that some of the alleged acts and omissions of Nebb
in the Brenholtz suit might constitute
malpractice.Â  They also argue that until
that time, they had reasonably relied upon Nebb=s
representations that he had done nothing that led to the adverse judgment in
the Brenholtz case but that they might have a
malpractice claim against another attorney who earlier represented them in the
suit.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Discussion

In pursuing
their appeal, appellants present six issues for our review.Â  However, because it is determinative of this
appeal, it is only necessary for us to discuss their first issue.Â  In that issue, appellants argue the trial
court erred in rendering summary judgment on the basis of res judicata.

The standards by
which summary judgments are reviewed are by now axiomatic.Â  When reviewing a summary judgment, the
reviewing court takes as true all evidence favorable to the nonmovant,
and resolves any doubts and indulges any reasonable inferences in the nonmovant=s
favor.Â  South Plains Switching, Ltd.
v. BNSF Ry. Co., 255 S.W.3d 690, 699 (Tex. App.BAmarillo
2008, pet. denied).Â  The summary judgment
is reviewed de novo, and when the trial court=s
order does not specify the ground or grounds relied upon for its ruling, it
will be affirmed if any of the theories advanced are meritorious.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Res
Judicata








Appellees argue that any legal malpractice claim against
them because of Nebb=s
representation of appellants in the Brenholtz suit is
barred by the res judicata doctrine.Â  In doing so, they point out that they filed a
proof of claim in the bankruptcies seeking to collect unpaid legal fees for
services rendered by Nebb in the Brenholtz
suit.Â  That being true, they argue, any
claims for legal malpractice were compulsory counterclaims in those
bankruptcies, and appellants=
failure to assert any such claim in response to Nebb=s
quest for payment of legal services rendered in those suits precludes them from
making any such claim now.Â  Parenthetically,
appellees acknowledge that inasmuch as they presented
a traditional summary judgment motion, they carried the burden of proving each
element of res judicata as a matter of
law.Â  Joachim v. Travelers Ins. Co., 279
S.W.3d 812, 815 (Tex. App.BAmarillo 2008, pet. granted).Â  

Res judicata, sometimes referred to asÂ  Aclaim
preclusion,@ prevents parties and their privies
from relitigating a cause of action that has been
fully adjudicated as well as any claims or defenses that through diligence
should have been litigated but were not.Â 
The doctrine is intended to prevent causes of action from being split,
thus curbing vexatious litigation and promoting judicial economy.Â  Ingersoll-Rand Co. v.
Valero Energy Corp., 997 S.W.2d 203, 206-07 (Tex. 1999).Â  Even so, the doctrine does not bar a former
defendant who did not assert an affirmative claim for relief in an earlier
action from stating a claim in a later action that could have been filed as a cross-claim
or counterclaim in the earlier action, unless the claim inclusion was
compulsory in the earlier action.Â  Id. at 207.Â  








In supporting
their claim that res judicata is applicable, appellees point to the undisputed facts that a proof of claim
for unpaid attorney=s fees was filed in the bankruptcies,
that those unpaid attorney=s fees
related to work performed by Nebb in defending the Brenholtz lawsuit, that no contest was made to the payment
of that claim, that the bankruptcy court authorized the payment of those fees,
and that they were paid by appellants.

Noting the Fifth
Circuit Court of Appeals holding In re Intelogic
Trace, Inc., 200 F.3d 382 (5th Cir. 2000), appellants
recognize that res judicata of a compulsory
counterclaim may apply to claims made in bankruptcy.Â  However, in doing so they point out that
court=s caveat: 

Even if the two actions are the same under the
transactional test, res judicata does not bar
this action unless [plaintiff] could and should have brought its malpractice
claims in the former proceedings.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  *Â Â Â Â  *Â Â Â Â 
*Â Â Â Â Â Â  

Â 

In reaching our determination, we consider whether
and to what extent [plaintiff] had actual or imputed awareness prior to the fee
hearing of a real potential for claims against Ernest & Young such as those
asserted by the Trustee and whether the bankruptcy court possessed procedural
mechanisms that would have allowedÂ  [plaintiff] to assert such claims.

Â 

Id. at
388.

In considering
the Intelogic court=s
teaching, appellants argue that while the bankruptcy court did possess
procedural mechanisms that would have allowed them to assert malpractice claims
against appellees, they had presented fact issues as
to whether they had actual or implied notice of a real potential for claims
against appellees prior to the bankruptcy court=s
plan confirmations in October 2003.Â 
Thus, it was necessary to determine those fact questions before it could
be determined if their claim against appellees for
legal malpractice was a compulsory counterclaim in the bankruptcy proceeding.Â  That being so, they contend, any application
by the trial court of the res judicata doctrine would constitute reversible
error. 








Appellants= argument
requires us to examine in some detail the implications of Texas Rule of Civil
Procedure 97(a), the compulsory counterclaim rule.Â  A counterclaim is compulsory if 1) it arises
out of the transaction or occurrence that gives rise to the opposing party=s
claim; 2) it is mature and owned by the counter-claimant; 3) it is against an
opposing party in the same capacity; 4) it does not require third parties who
cannot be brought into the suit; 5) it is within the court=s
jurisdiction; and 6) it is not pending elsewhere.Â  Tex. R. Civ. P. 97(a); Wyatt
v. Shaw Plumbing Co., 760 S.W.2d 245, 247 (Tex.1988); South Plains
Switching, Ltd. v. BNSF Ry. Co., 255 S.W.3d at 699. If a claim meets
those elements, it must be asserted in the initial action and cannot be later
raised.Â  Id.








In the seminal
case of Ogletree v. Crates, 363 S.W.2d
431, 435 (Tex. 1963), the court instructed that A[t]he
rule of res judicata in Texas bars all
litigation of all issues connected with a cause of action or defense which,
with the exercise of diligence, might have been tried in a former trial, as
well as those that were actually tried.@Â  Appellants argue that even if their legal
malpractice claim would otherwise have been a compulsory counterclaim to appellees=
bankruptcy court claim for attorney fees, because they have raised fact issues
concerning when they knew, or in the exercise of reasonable diligence should
have known that they had a cause of action against appellees,
the AOgletree rule@ required
determination of that question before the compulsory counterclaim rule would
have come into play.Â  They also contend
that they had raised fact issues as to whether their cause of action against appellees accrued long after appellees=
claims for attorneyÂs fees had been approved by the bankruptcy court.Â  Thus, they argue, the compulsory counterclaim
rule was not applicable and prevented any application of the res judicata doctrine to bar their legal malpractice
claims.

In deciding
appellants= due diligence and accrual arguments,
we note the court=s decision in Bailey v. Travis,
622 S.W.2d 143 (Tex. App.BEastland
1981, writ ref=d n.r.e.). In
that case, as we are here, the court was also considering three underlying
cases[2]
and questions as to implications of the compulsory counterclaim rule and
imposition of res judicata by the trial
court.Â  Because that court=s
reasoning and disposition of those questions is instructive and determinative
here, we must discuss that case at some length.








In Bailey, the
court opined that the question for its determination was whether a legal
malpractice claim had Amatured@
so as to be a compulsory counterclaim in an earlier suit filed by an attorney
against a former client for attorney=s
fees.Â  Like the case before us, Bailey
involved three underlying cases.Â  In
Bailey 1, Bailey had been represented by attorney William Travis (Travis) and
the case had resulted in a judgment adverse to Bailey.Â  Following the trial, Bailey employed a
different attorney to prosecute an appeal.Â 
Travis then sued Bailey (Bailey II), and recovered a judgment for
attorney=s services performed by him in Bailey
I.Â  Bailey did not file a counterclaim
urging legal malpractice in the Bailey II suit. Subsequently, Bailey sued
Travis (Bailey III) seeking damages for alleged legal malpractice during the
trial of Bailey I.Â  The trial court
rendered summary judgment against Bailey in Bailey III which gave rise to the
appeal discussed by the appellate court.

In its discussion,
the appellate court noted that the narrow issue to be decided by it was whether
Bailey=s malpractice claim was Amature@
when he was sued by Travis for attorney=s fees in
Bailey II.Â  If it was, the court
observed, than the summary judgment was proper because Bailey had failed to
file a compulsory counterclaim under Texas Rule of Civil Procedure 97(a).Â  Id. at 143-44.

In pursuing his
appeal, Bailey contended that the malpractice claim was not mature at the time
he answered in Bailey II, because Bailey I was on appeal and it was therefore
unsettled as to what damages, if any, he might have suffered as a result of
Travis=Â 
malpractice.Â  Id. Â That argument and the facts underlying it are
significantly similar to those advanced here by appellants.

In affirming the
trial court=s summary judgment, the appellate court
opined that the maturity of a counterclaim was not Anecessarily
equivalent to >accrual=
of a malpractice cause of action for statute of limitations purposes.@
Â Id. at 144.Â  Even so, it continued, Bailey had Aclearly@
suffered harm when the trial court judgment was entered against him in Bailey I
and he was forced to appeal that decision, and it was not necessary that the
full extent of the damages be known at that time.Â  Id.Â 
Thus, the court concluded, it was apparent at the time he filed his
answer in Bailey II, Bailey had been damaged or harmed as a result of the
alleged malpractice and his claim for damages resulting from that alleged legal
malpractice had ripened into an enforceable cause of action even though the
full extent of his damages might not have been known.Â  Id.Â 









Likewise, in the
case before us, appellants had clearly suffered harm when they suffered the
adverse judgment in the Brenholtz suit. Â Thus, any right of action against appellees for legal malpractice had accrued at the time appellees made claims in the bankruptcy court for attorney=s
fees rendered in the Brenholtz suit.Â  That being so, any legal malpractice claim by
appellants became a compulsory counterclaim at that time.Â  The failure to assert that compulsory counterclaim
timely prevents it being raised again in the suit underlying this appeal.Â  

Thus, the trial
court correctly concluded that res judicata was
applicable to appellants= claims
here.Â  That decision requires us to
overrule appellants= first
issue, and, because res judicata was properly
applicable, it supports the trial court=s
judgment and obviates the necessity for discussion of appellants=
other issues.Â  The judgment of the trial
court must be, and is, hereby affirmed.

Â 

Â 

John T. Boyd

Â Â Â Â Â Â  Senior Justice

Â 











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.Â  Tex. Gov=t
Code Ann. '75.002(a)(1)
(Vernon). 





[2]The
three cases involved here are:Â  1) the Brenholtz case during which the alleged malpractice
occurred; 2) the bankruptcies in which the attorney=s
fees were approved; and 3) this case involving alleged legal malpractice.

Â 

Â 

Â 

Â 

Â 

Â