**Motion Denied; Petition for Writ of Mandamus Denied; and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00707-CV

### IN RE KATHRYN GAUCI, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-08248**

## M E M O R A N D U M   O P I N I O N

On August 3, 2012, relator Kathryn Gauci filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to set aside his orders signed May 21, 2012, and May 22, 2002, consolidating related cases and compelling arbitration, respectively. We deny the requested relief.

Relator signed a fee contract containing an arbitration provision with the real parties-in-interest, who represented relator in her divorce (referred to as "the Lawyers"). After the divorce was final, the Lawyers filed a breach of contract action for their unpaid legal fees in the divorce case in family court. *See* Harris Cnty. (Tex.) Fam. Trial Div. Loc. R. 2.1 ("When a suit filed in a Family Trial Division court is in any way terminated (by non-suit or otherwise), a subsequent suit or cause of action involving the same parties or the same subject matter shall be filed in, or transferred to, the court that first had jurisdiction of the parties or subject matter."); *Hardy v. McCorkle,* 765 S.W.2d 910, 911-12 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (applying Harris County local rule governing assignment of attorney's fees suit to family court of original judgment).

Relator then filed a malpractice action against the Lawyers in the 125th District Court. The Local Administrative Judge transferred the breach of contract action from the family division to the civil division of the Harris County District Courts, and the case was administratively assigned to the 125th District Court.[1] *See* Harris Cnty. (Tex.) Loc. R. 3.2.7 ("The Administrative Judge of the Civil Trial Division may transfer cases between courts or may assign cases from one court to another court for hearing due to illness, trial schedule, or other sufficient reasons."). The respondent trial judge then signed the orders consolidating the contract action with the malpractice action in the 125th District Court and granting the Lawyers' motion to compel arbitration that are the subject of this proceeding. In its May 22, 2012 order, the trial court ordered the parties to "proceed to arbitration" within forty-five days of the date of the order. This petition was filed seventy-three days after the order was signed.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court

---

[1] Relator has not named as respondents either of the local administrative judges who signed orders transferring the contract case to the 125th District Court. Therefore, we do not address the transfer orders other than to note that the 125th District Court has subject matter jurisdiction and its orders are not void. *See* Tex. Gov't Code § 24.601(a) (stating that family district courts and other district courts in the same county have concurrent jurisdiction).

2

clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against its detriments. *Id.* at 136. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.* If an order is void, the relator need not show that she does not have an adequate appellate remedy to be entitled to mandamus relief. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 065 (Tex. 2000) (orig. proceeding) (per curiam).

The Lawyers have filed a motion to dismiss this proceeding for want of jurisdiction. Texas Government Code Section 22.221(b) expressly grants courts of appeals the power to issue a writ of mandamus against a judge of a district court in the court of appeals district. Tex. Gov't Code § 22.221(b). Thus, we have jurisdiction over a proceeding seeking issuance of a writ of mandamus against the Hon. Kyle Carter, presiding judge of the 125th District Court of Harris County, and we must deny the Lawyers' motion to dismiss. The Lawyers' arguments that mandamus is inappropriate in this case are well-taken, however.

An order compelling arbitration is not subject to interlocutory appeal. *See In re Gulf Exploration, LLC,* 289 S.W.3d 836, 839 (Tex. 2009) (citing *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 86, 121 S.Ct. 513 (2000)). Mandamus also is generally unavailable from an order compelling arbitration because a relator cannot establish that she has no adequate remedy by appeal after arbitration. *Gulf Exploration,* 289 S.W.3d at 842. If appeal is an adequate remedy to challenge an order compelling arbitration, mandamus must be denied. *Id.* Only in rare situations will the balance tilt in favor of mandamus review instead of review on final appeal. *Id.* (citing *In re Poly-America, LP,* 262 S.W.3d 337, 352 (Tex. 2008), in which mandamus review of an order compelling arbitration was granted in order to preserve important statutory remedies under the Texas workers compensation system). Relator has not demonstrated that this case is a rare

3

situation warranting mandamus review of an order compelling arbitration.

Under Rule 174 of the Texas Rules of Civil Procedure, trial courts exercise broad discretion in determining whether cases should be consolidated. *In re Pirelli Tire, LLC*, 247 S.W.3d 670, 676 (Tex. 2007). Because most consolidation orders do not threaten a defendant's substantial rights, mandamus typically does not lie from a trial court's consolidation order. *In re Van Waters & Rogers, Inc*., 145 S.W.3d 203, 211 (Tex. 2004). If "extraordinary circumstances" are present that make an ordinary appeal inadequate, mandamus relief may be warranted. *Id.* (granting relief from order consolidating twenty mass tort cases against different defendants who manufactured different chemicals where former employees' claims were totally unrelated and juror confusion could not be remedied on appeal). This case does not present extraordinary circumstances justifying mandamus relief. *See In re Credit Suisse First Boston Mortg. Capital, LLC,* 257 S.W.3d 486, 494 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

Relator has not established that an appeal from a final judgment is inadequate in this case. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.

4