

# NUMBER 13-15-00480-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLES LINDER FLOYD,**                                              **Appellant,**

**v.**

**WHARTON COUNTY, ET AL,**                                              **Appellee.**

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

## ORDER OF ABATEMENT

**Before Justices Garza, Perkes, and Longoria**
**Order Per Curiam**

After due consideration of the pleadings on file in this matter, the Court has determined that additional jurisdictional briefing is necessary. Texas Rule of Appellate Procedure 38.7 provides that "[a] brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe." TEX. R. APP. P. 38.7.

The trial court initially rendered a final judgment in this cause on March 11, 2013. On July 21, 2014 the trial court entered an "Order Vacating Judgment and Reinstating Cause of Action." Appellant appeals from a subsequent judgment rendered on August 17, 2015. Inasmuch as the March 11, 2013 judgment appears to be a final judgment, it appears that the August 17, 2015 judgment is a void judgment and that we do not have jurisdiction over this cause.

A trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith Southern Equipment, Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Certain post-judgment motions, if filed within this initial thirty day period, extend the trial court's plenary power for up to an additional seventy-five days. *See* TEX. R. CIV. P. 329b(c), (e) & (g).

After the expiration of plenary power, the trial court cannot set aside a judgment except by bill of review for sufficient cause, filed within the time allowed by law. TEX. R. CIV. P. 329b(f). Once a trial court loses plenary jurisdiction over its judgment, the judgment becomes final, and any modification to the judgment will be set aside as void. *In re Daredia*, 317 S.W.3d 274, 276 (Tex. App.—Fort Worth 2009). Any action taken affecting a judgment after the trial court's plenary power has expired is a nullity. *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex. 1983). An appellate court's jurisdiction extends no further than the jurisdiction of the trial court. *George v. Phillips Petroleum Co.*, 976 S.W.2d 363, 364–65 (Tex. App.—Houston [14th Dist.] 1998, no writ) (citing *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958)). Therefore, this Court has

2

no jurisdiction to consider the merits of an appeal from a void judgment. *Mellon Service Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864 (Tex. App.—Houston [14th Dist.] 1997, no writ).

Accordingly, the Court requests supplemental briefing from the parties regarding this Court's jurisdiction to consider an appeal from the August 17, 2015 judgment. The parties' briefs on this issue shall both be filed within thirty days from the date of this order. This appeal is abated and removed from the Court's active docket until receipt of the requested briefing.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
8th day of November, 2016.