ACCEPTED
05-19-01455-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
2/14/2020 4:21 PM
LISA MATZ
CLERK

## NO. 05-19-01455-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
2/14/2020 4:21:37 PM
LISA MATZ
Clerk

# IN THE COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS IN DALLAS

## VENATOR MATERIALS PLC, ET AL.,

*Appellants*,

**v.**

## MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM, ET AL.,

*Appellees.*

## UNOPPOSED MOTION TO ABATE PENDING ISSUANCE OF THE MANDATE IN A RELATED APPEAL AND SUSPEND BRIEFING DEADLINES

TO THE HONORABLE COURT OF APPEALS:

Under Texas Rules of Appellate Procedure 10.1 and 29.3, Appellants[1] file this Unopposed Motion to Abate Pending Issuance of the Mandate in a Related Appeal and Suspend Briefing Deadlines ("Motion") and respectfully request that the Court abate this appeal pending the issuance of the mandate in *Venator Materials PLC et*

---

[1] Appellants are Venator Materials PLC, Simon Turner, Stephen Ibbotson, Kurt D. Ogden, Russ R. Stolle (collectively, the "Venator Appellants"), Huntsman Corporation, Huntsman International LLC, and Huntsman (Holdings) Netherlands B.V. (collectively, the "Huntsman Appellants").

1

*al. v. Macomb County Employees' Retirement System et al.*, No. 05-19-01177-CV (the "Related Appeal") and suspend all briefing deadlines.

## I.     Background.

On January 21, 2020, this Court issued its opinion in the Related Appeal, dismissing the Venator Appellants and Underwriter Defendants[2] for lack of jurisdiction and remanding the case to the trial court to enter an order transferring the remaining claims against the Huntsman Appellants to Montgomery County.

## II.     Request for Abatement.

In light of the Court's rulings that there is no personal jurisdiction over most of the parties to this appeal and that the remainder of the case belongs in a different venue, the Court should abate this appeal pending issuance of the mandate in the Related Appeal. Upon issuance of the mandate, the claims against the Venator Appellants will be dismissed, rendering this appeal moot as to them, and the trial court will transfer the remaining claims against the Huntsman Appellants to Montgomery County. *See* TEX. R. APP. P. 18.6 ("The appellate court's judgment on an appeal from an interlocutory order takes effect when the mandate is issued.").

It is Appellants' understanding that once the claims against the Huntsman Appellants are transferred to Montgomery County, the trial court will lose

---

[2] The Underwriter Defendants are Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Goldman Sachs & Co. LLC, and J.P. Morgan Securities LLC. The Underwriter Defendants are not parties to this appeal.

jurisdiction over the case, and as a result, this Court will no longer have jurisdiction over this appeal. *See* TEX. GOV'T CODE § 22.220 ("Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction[.]"); *George v. Phillips Petroleum Co.*, 976 S.W.2d 363, 364–65 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("Appellate court jurisdiction over the merits of a case extends no further than that of the court from which the appeal is taken. . . . [O]nce a case is transferred . . . the transferee court assumes jurisdiction of the cause to the exclusion of the transferor court.").

Absent abatement, Appellants would be required to file a brief in this Court to preserve their rights in this appeal despite the Court's rulings that jurisdiction and venue are not proper. Appellants' opening brief in this appeal is currently due February 21, 2020; by contrast, the mandate in the Related Appeal is currently scheduled to issue on April 2, 2020. *See* TEX. R. APP. P. 18.1. Abatement thus preserves Appellants' rights without burdening this Court with repeated requests for extension of the briefing deadlines while the parties wait for the mandate.

On or about the date when the mandate issues, the Huntsman Appellants intend to file a motion requesting that the Texas Supreme Court transfer their appeal to the Beaumont Court of Appeals, which has jurisdiction over Montgomery County. *See* TEX. GOV'T CODE § 73.001 ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme

3

court, there is good cause for the transfer."); *see also Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 (Tex. 1995) (explaining the procedure for appellate venue transfer). Appellees have not yet taken a position on the Huntsman Appellants' intended motion to transfer the appeal and reserve all rights, including the right to oppose such motion.

**PRAYER**

For these reasons, Appellants request that the Court grant the Motion, which is unopposed, and abate all proceedings in this appeal pending issuance of the mandate in the Related Appeal and suspend all briefing deadlines pending establishment of new briefing deadlines by the appropriate Court following the issuance of the mandate. [3]

---

[3] Appellees agree that the current deadline for Appellants to file an opening brief should be suspended and that Appellants do not need to file an opening brief by the current deadline or pending resolution of the Motion.

Respectfully submitted,

*/s/ David S. Coale*

David S. Coale, SBN 00787255
Michael K. Hurst, SBN 10316310
Andrés Correa, SBN 24076330
John R. Christian, SBN 24109727
LYNN PINKER COX & HURST, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800 (phone)
214-981-3839 (fax)
mhurst@lynnllp.com
acorrea@lynnllp.com
dcoale@lynnllp.com
jchristian@lynnllp.com

Craig Smyser, SBN 18777575
Razvan Ungureanu, SBN 24085630
Eugene Zilberman, SBN 24110577
SMYSER KAPLAN & VESELKA, LLP
717 Texas Ave., Suite 2800
Houston, Texas 77002-2761
713-221-2300 (phone)
713-221-2320 (fax)
csmyser@skv.com
razvan@skv.com
ezilberman@skv.com

*Counsel for Appellants Venator Materials PLC, Stephen Ibbotson, Kurt D. Ogden, Russ R. Stolle, and Simon Turner*

*/s/ R. Thaddeus Behrens*

R. Thaddeus Behrens, SBN 24029440
Anne M. Johnson, SBN 00794271
Daniel H. Gold, SBN 24053230
Matthew A. McGee, SBN 24062527
William D. Marsh, SBN 24092762
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (phone)
(214) 200-0886 (fax)
thad.behrens@haynesboone.com
anne.johnson@haynesboone.com
daniel.gold@haynesboone.com
matt.mcgee@haynesboone.com
william.marsh@haynesboone.com

Richard A. Sayles, SBN 17697500
BRADLEY ARANT BOULT CUMMINGS, LLP
4400 Renaissance Tower
1201 Elm St.
Dallas, Texas 75270
(216) 939-8701 (phone)
(214) 939-8787 (fax)
dsayles@bradley.com

*Counsel for Appellants Huntsman Corporation, Huntsman International LLC, and Huntsman (Holdings) Netherlands B.V.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 13, 2020, counsel for Appellees conferred with counsel for Appellees, who stated that Appellees do not oppose the relief sought herein.

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on February 14, 2020, a true and correct copy of this motion was served on the following counsel of record via electronic service:

Joe Kendall
KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
jkendall@kendalllawgroup.com

Steven F. Hubachek (pro hac vice)
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
shubachek@rgrdlaw.com

David J. Goldsmith (pro hac vice)
LABATON SUCHAROW LLP
140 Broadway, 34th Floor
New York, New York 10005
dgoldsmith@labaton.com

*Counsel for Appellees Macomb County Employees' Retirement System
and Firemen's Retirement System of St. Louis*

*/s/ R. Thaddeus Behrens*
R. Thaddeus Behrens
