Diana WASHINGTON, Appellant,

v.

**RELATED ARBOR COURT,
LLC, Appellee.**

No. 14–10–00702–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 2011.

Rehearing and Rehearing En Banc
Overruled Oct. 28, 2011.

Mark J. Grandich, Houston, for Appellant.

Patrick Glen Drake, Houston, for Appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

## OPINION

JEFFREY V. BROWN, Justice.

This is an appeal from a forcible-detainer action. Appellee, Related Arbor Court, LLC, owns a Section 8 low-income housing project in which the appellant, Diana Washington, was a tenant. Arbor Court filed the forcible-detainer action in justice court seeking Washington's eviction for several alleged lease violations, including non-payment of rent. Both the justice

court and, on appeal, the county civil court at law, ordered Washington evicted from her apartment. On appeal to this court, Washington complains (1) there is no evidence Arbor Court mailed Washington a written lease-termination notice as required by federal regulation for termination of a federally-subsidized tenancy, and (2) there is no evidence to support an award of attorney's fees to Arbor Court. We overrule Washington's first issue but sustain her second issue, and modify the judgment accordingly.

### I

■ Washington lived at Arbor Court for several years before Arbor Court terminated her lease on January 24, 2010.[1] On January 14, 2010, an Arbor Court employee hand-delivered to Washington's apartment a lease-termination notice requiring her to vacate her apartment within ten days. The notice contained several grounds for Washington's eviction, including non-payment of December 2009 and January 2010 rent; threats against Arbor Court management personnel; impersonation of Arbor Court management personnel; failure to pass an October 2009 unit inspection; and failure to maintain utility service to the apartment as of January 6, 2010.[2]

When Washington did not vacate her apartment by January 24, Arbor Court delivered a notice to vacate on January 26, 2010, demanding she vacate the apartment within three days. When Washington remained in the apartment after the notice to vacate, Arbor Court sought and received an award of possession of the premises from a Harris County justice court, which led to her eviction.

### II

■ In her first issue, Washington argues there is no evidence Arbor Court complied with the notice requirements for terminating a federally subsidized tenancy. Specifically, Washington contends Arbor Court did not mail her a copy of the lease-termination notice as required by federal regulation. Section 247.4 of Title 24 of the Code of Federal Regulations outlines the requisites for an effective lease-termination notice to tenants of Section 8 housing, and provides the manner of service is accomplished by:

(1) Sending a letter by first class mail, properly stamped and addressed, to the tenant at his or her address at the project, with a proper return address, and (2) serving a copy of the notice on any adult person answering the door at the

1. Washington argues this case is not moot because the lease's automatic-renewal provision gives her a basis for claiming a current right to possession after expiration of the original lease term. The automatic-renewal provision provides that the lease will automatically renew for "one 12[-]month term" unless Washington gives thirty days' notice of her intent to leave or Arbor Court terminates the lease under the limited grounds available under the lease. For support, she cites *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex.App.-Houston [14th Dist.] 2006, no pet.), in which we held a similar lease gave the evicted tenant "a basis for claiming a current right to possession after the date the lease expired." Although Arbor Court does

not argue this claim is moot, we have a duty to examine our own jurisdiction. *George v. Phillips Petroleum Co.*, 976 S.W.2d 363, 364 (Tex.App.-Houston [14th Dist.] 1998, no pet.). And based on our holding in *Kennedy*, we conclude the expiration of the lease's original term does not render this case moot because the lease contained an automatic-renewal provision.

2. Although several of these grounds for termination of the lease were contested at trial before the county court at law, we forego further discussion of these allegations because the grounds for lease termination are not material to Washington's issues on appeal.

leased dwelling unit, or if no adult responds, by placing the notice under or through the door, if possible, or else by affixing the notice to the door. Service shall not be deemed effective until both notices provided for herein have been accomplished.

24 C.F.R. § 247.4(b) (2009).

Tracy Jones, Arbor Court's community manager, testified she asked Arbor Court's counsel to prepare the notices necessary to terminate Washington's lease. On January 14, Jones testified, counsel supplied a copy of the notice to be hand-delivered to Washington's apartment. Jones testified the notice was delivered to Washington's apartment the same day, and Raul Alquisira, another Arbor Court employee, testified he delivered the termination notice to Washington's door. Jones further testified she knew Washington received the notice because Washington came to the management office later that day to discuss the notice. Furthermore, Washington testified that "the papers were on my porch" and relayed her account of conversations she had with management personnel concerning the notice. Therefore, there is no dispute Washington received the lease-termination notice at her apartment and that she had actual notice of her lease termination.

It is not so clear that Washington received the same notice through the mail, as is also required by section 247.4(b). At trial, Washington denied receiving a lease-termination notice in the mail. Jones testified it was her understanding that Arbor Court's counsel would mail the notice, but Jones admitted on cross-examination she did not have personal knowledge that counsel actually mailed the notice. A copy of the January 14 lease-termination notice that was admitted into evidence bears a certified mail "Senders Record" label with a certified article number as well as a notation that reads "Via Hand Delivery, CM RRR and U.S. First Class Mail." The January 26 notice to vacate bears a similar label and notation. Washington concedes the notices list her correct address.

Nonetheless, Washington contends this evidence is insufficient to establish the notice was mailed. Washington argues Jones's testimony is incompetent because she admitted having no personal knowledge that counsel actually sent the notice. Furthermore, notations and labels on the notices, Washington argues, show only that "someone at the law firm began preparing the paperwork needed to send the notice by certified mail." Taken together, Washington maintains, this evidence offers no more than a scintilla of evidence the notice was ever actually mailed to Washington.

■■■ In its judgment, however, the trial court concluded that "[p]laintiff made written demand upon the [d]efendant and all occupants of the Leased Premises to vacate same, which demand was received by the [d]efendant as required by law." Findings of fact in a bench trial have the same force and dignity as a jury's verdict upon questions and are reviewed for sufficiency of the evidence by the same standards. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). We review the trial court's legal conclusions de novo. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002).

■■■ When reviewing legal sufficiency we examine the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex.2005). We credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. The evidence

is legally sufficient if it would enable a reasonable and fair-minded person to reach the verdict under review. *Id.* A party attacking the legal sufficiency of an adverse finding on an issue on which he has the burden of proof must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). The fact finder is the sole judge of witness credibility and the weight to give testimony. *See City of Keller*, 168 S.W.3d at 819.

Assuming without deciding the evidence is insufficient to establish Arbor Court mailed the lease-termination notice as required by federal regulation, we conclude Washington was not harmed by Arbor Court's failure, if any, to mail her the notice. We follow our sister court in applying a harm analysis to claims of inadequate notice of termination of a federally subsidized residential lease. *See Nealy v. Southlawn Palms Apartments*, 196 S.W.3d 386 (Tex.App.-Houston [1st Dist.] 2006, no pet.).[3] In *Nealy*, the court concluded a lease termination failed to satisfy the requirement that the notice state the reason for the landlord's action with enough specificity as to enable the tenant to prepare a defense. *Id.* at 391; *see also* 24 C.F.R. § 247.4(a). The notice in *Nealy* stated only that the "[o]wner desired possession" because of "[u]n-desirable tenant behavior," but the court noted that through discovery, counsel learned the basis of the lease termination were allegations Nealy had "mooned" other tenants by exposing

her buttocks to them. *Nealy*, 196 S.W.3d at 389. The court concluded Nealy was not harmed because "Nealy [filed] an answer and pursued pretrial discovery through written interrogatories and requests for production." *Id.* at 393. The court further noted that "[n]either Nealy nor Nealy's counsel indicated they could not prepare a proper defense, and Nealy's counsel did object to evidence of other alleged lease violations because counsel knew, or was under the impression, that only Nealy's alleged mooning of other tenants formed the basis for her eviction." *Id.*

It is similarly clear in this case that Washington was not harmed even if she did not receive a lease-termination notice by mail. She conceded at trial that she received the hand-delivered notice at her apartment and that she discussed the notice with Arbor Court management the same day. There is no argument the mailed notice would have contained information the personally delivered notice did not. And Washington does not argue that failure to receive notice by mail impeded her defense before the justice court or the county court at law.

■ Nonetheless, Washington urges that we strictly construe the notice requirements contained in 24 C.F.R. § 427.4(b) in light of the regulation's provision that "[s]ervice shall not be deemed effective until both notices provided for herein have been accomplished." Howev-

---

**3.** The court's reasoning in applying a harm analysis was based on the supreme court's holding in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex.2000), in which the supreme court "disapproved of a long line of cases holding that, when a claim is based on a statute, the statutory provisions are mandatory, exclusive, and require compliance in all respects, or the trial court will lack subject-matter jurisdiction." *See Nealy*, 196 S.W.3d

at 392. Additionally, although it based its holding on its own case law rather than follow *Nealy*, the Corpus Christi court has also concluded the notice requirements contained in federal regulations governing Section 8 housing are not jurisdictional in nature. *See Corpus Christi Housing Auth. v. Lara*, 267 S.W.3d 222, 228 (Tex.App.-Corpus Christi 2008, no pet.).

er, in light of the dearth of federal or state cases directly addressing 24 C.F.R. § 427.4(b), and the *Nealy* court's conclusion that section 427.4(a) is susceptible to a harm analysis, we see no reason why section 427.4(b) is not susceptible to the same harm analysis. Our position is consistent with a wide range of Texas cases holding that statutory notice requirements may be satisfied by a method of service other than the prescribed statutory method when the recipient acknowledges receipt and therefore has the actual notice the statutory notice requirement is intended to guarantee. *See, e.g., Roccaforte v. Jefferson County,* 341 S.W.3d 919 (Tex.2011) (holding county officials' acknowledgement of hand-delivered notice satisfied statute's "requisite notice" even though statute required notice to be delivered by certified or registered mail); *Goforth v. Bradshaw,* 296 S.W.3d 849, 851 (Tex.App.-Texarkana 2009, no pet.) (holding expert reports and CVs sent by regular mail within statutory deadline, which defendants acknowledged receiving, were timely served even though statute required the documents to be served through registered or certified mail); *Spiegel v. Strother,* 262 S.W.3d 481, 486 (Tex.App.-Beaumont 2008, no pet.) (holding the same when plaintiff sent an expert report and CV by priority mail rather than registered or certified mail and doctor acknowledged timely receipt of the mailing); *Netherland v. Wittner,* 662 S.W.2d 786, 787 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.) (holding proper notice was delivered despite registered-mail requirement when appellant admitted actual notice of trial setting by phone call and unregistered mail); *Hill v. W.E. Brit-*

*tain, Inc.,* 405 S.W.2d 803, 807 (Tex.Civ. App.-Fort Worth 1966, no writ) (holding failure, if any, to comply with rules of service and notice were waived in view of appellants' appearance and full participation at trial); *Parr v. Leal ex rel. Duval County,* 290 S.W.2d 536, 537 (Tex.Civ. App.-San Antonio 1956, no writ) (admission that notice was timely delivered through regular mail was sufficient even though rule required notice be delivered by registered mail).

Because Washington admits she had actual notice of her lease termination through delivery of a lease-termination notice directly to her apartment, we conclude she was not harmed by Arbor Court's failure, if any, to mail her a copy of the notice via first-class mail. We overrule Washington's first issue.

### III

■ In her second issue, Washington argues the trial court improperly awarded Arbor Court attorney's fees. Washington contends there is no evidence to support the attorney's-fees award because the lease-termination notice and the notice to vacate both establish on their face that Arbor Court failed to satisfy the statutory prerequisites for recovery of attorney's fees in forcible detainer actions. We agree.[4]

Section 24.006 of the Property Code requires that a landlord may recover attorney's fees in an eviction suit only if the lease provides for attorney's fees or if the landlord delivers to the tenant a written demand to vacate stating "that if the tenant does not vacate the premises before

4. Arbor Court argues Washington failed to preserve error for her second issue because she did not object at trial when Jones testified Arbor Court was seeking attorney's fees or when Arbor Court's counsel testified as to reasonable and necessary attorney's fees.

However, Washington raised in full her argument that Arbor Court did not fulfill the statutory prerequisites for an award for attorney's fees in her motion for new trial. Error was therefore preserved.

the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees." Tex. Prop.Code § 24.006(a), (b); *French v. Moore*, 169 S.W.3d 1, 17 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

Here, Arbor Court delivered two notices to Washington—the first a notice of lease termination delivered on January 14, 2010, that required her to vacate her apartment by January 24, 2010, and the second a notice to vacate delivered on January 26, 2010, that required her to vacate within three days. In the January 14 notice, Arbor Court does not specifically mention attorney's fees; instead, it urges Washington to comply with its demands "to avoid the expense and aggravation which litigation entails." The January 26 notice to vacate, however, specifically provides that Arbor Court may seek attorney's fees in the event Washington fails to comply with the demand to vacate within three days.

Neither notice satisfies the requirements imposed by section 24.006 of the Property Code. Arbor Court argues the January 14 lease-termination notice satisfies section 24.006 because it urges Washington to "avoid the expense and aggravation which litigation entails," which Arbor Court contends necessarily encompasses attorney's fees. We disagree. Attorney's fees are not available in many cases and not awarded in others; they certainly are not necessarily included in a general reference to "litigation." Furthermore, a person cannot be expected to infer from a general threat of litigation that she would liable for attorney's fees. Further still, litigation can be plenty aggravating even without attorney's fees. Accordingly, the January 14 notice failed to advise Washington she may be liable for attorney's fees if she failed to vacate by the termination date.

The January 26 notice, on the other hand, specifically refers to attorney's fees, but its demand that Washington vacate in three days falls well short of the notice requirement imposed by section 24.006 of the Property Code, which authorizes attorney's fees only after the tenant has been notified that she must vacate "before the 11th day after the date of receipt of the notice."

Because there is no evidence Arbor Court fulfilled the requirements of section 24.006 of the Property Code, and because the two notices instead actually provide evidence showing Arbor Court failed to meet the statutory requirements, the trial court abused its discretion by awarding Arbor Court $2,000 in attorney's fees plus interest at five percent per annum from the date of judgment. We sustain Washington's second issue.

\*     \*     \*

For the foregoing reasons, we conclude Washington was not harmed by Arbor Court's failure, if any, to mail her a copy of the lease-termination notice, and further conclude the trial court abused its discretion in awarding Arbor Court attorney's fees. Accordingly, we modify the trial court's judgment to delete the award of attorney's fees and post-judgment interest. We affirm the remainder of the judgment.