**Affirmed and Memorandum Opinion filed December 13, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-10-01163-CV

## GENEVA COLBERT, Appellant

## V.

## LANGWICK SENIOR RESIDENCES, Appellee

**On Appeal from County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 969738**

## MEMORANDUM OPINION

Geneva Colbert appeals from the county court's judgment favoring Langwick Senior Residences in Langwick's forcible detainer action against Colbert.[1] In its judgment, the trial court determined that Langwick was entitled to possession of the premises in question and ordered Colbert to pay all court costs. In three issues, Colbert contends that the trial court erred in its judgment because (1) there was no evidence Langwick legally terminated Colbert's lease, as it failed to comply with certain notice requirements, (2) Langwick failed to make a reasonable accommodation for Colbert's

---

[1] Colbert was represented by counsel in the trial court but appears *pro se* in this appeal.

disability, which is a defense to an eviction action, and (3) Langwick retaliated against Colbert and, therefore, was not entitled to the relief it sought. We affirm.

*Background*

Colbert leased a government-subsidized apartment from Langwick, which was a recipient of funds under the federal HOME Investment Partnerships Program. On August 19, 2010, Langwick filed a forcible detainer action against Colbert, seeking to evict her from the leased premises.[2] In its petition, Langwick alleged that Colbert breached the lease agreement by her conduct toward other residents of the apartments. In her First Amended Answer, Colbert invoked a general denial and alleged that Langwick had (1) failed to provide proper notice of the eviction proceeding, (2) failed to make reasonable accommodation for her disability as required by the federal Fair Housing Act, and (3) retaliated against her in violation of the Texas Property Code.

During a trial to the bench, residents and staff of the Langwick apartment complex testified about complaints received regarding Colbert's behavior at the complex, complaints made by Colbert against Langwick, and investigations of those complaints. Colbert pressed her contention that she did not receive proper notice, Langwick was retaliating, the complaints against her were mere misunderstandings, and she did not commit any material violations of the lease.

In its final judgment, the county court stated that, having terminated Colbert's right to occupy the premises and given a written demand to vacate, Langwick was entitled to possession of the premises and Colbert was "guilty of forcible detainer." The court further awarded Langwick its court costs incurred in pursuing the action. No findings of fact or conclusions of law were requested or filed.

---

[2] Prior to the proceedings in the county court at law, from which the present appeal is taken, Langwick had apparently filed an eviction action against Colbert in justice court on July 17, 2010. The justice court issued a judgment in Langwick's favor on August 3, 2010. The record on appeal is not entirely clear regarding what transpired in the justice court. The record indicates that the case was being heard as a de novo appeal from the justice court proceeding.

*Standards of Review*

When, as here, a trial court does not enter written findings of fact after a bench trial, all findings of fact necessary to support the judgment are implied. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Such implied findings are subject to being challenged based on the sufficiency of the evidence to support them, and we interpret each of Colbert's issues in this appeal as legal sufficiency challenges to implied findings of the trial court. *See BMC Software Belgium, N.V. v. Marchand*, 83 S .W.3d 789, 795 (Tex. 2002). We utilize the standards set forth by the Texas Supreme Court in *City of Keller v. Wilson* to govern our review of the record. 168 S.W.3d 802, 810-21 (Tex. 2005); *see also Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (explaining that sufficiency challenges to implied findings should be reviewed under the same standards as sufficiency challenges to jury findings or a trial court's express findings of fact).

*Notice and Termination*

In her first issue, Colbert contends Langwick failed to comply with certain notice requirements, consequently, no evidence was presented in support of Langwick's claim that Colbert's tenancy was lawfully terminated. In the absence of lawful termination of her tenancy, Colbert posits, the trial court erred by finding she committed a forcible detainer, citing Tex. Prop. Code § 24.002 (governing forcible detainer actions) and *Caro v. Housing Authority of City of Austin*, *Texas*, 794 S.W.2d 901, 903 (Tex. App.—Austin 1990, writ denied) (explaining that such action is available only when a landlord has lawfully terminated the tenant's lease). Before terminating a tenancy under the HOME federal subsidy program, a property owner must provide the tenant with written notice specifying the grounds for the action at least 30 days before termination of the tenancy. 24 C.F.R. § 92.253(c).

Colbert acknowledges receiving a notice to vacate on or about July 6, 2010, but complains the notice expressed that she had only three days to vacate and was delivered less than 30 days before Langwick's eviction action was tried in justice court on August

3

3, 2010. At trial in the county court at law, Langwick's property manager, Tamara Williams, testified that an additional notice, specifically a notice of lease termination, was both hand-delivered and mailed to Colbert on August 23, 2010. This notice specifically stated that Colbert had 30 days to vacate the premises. Trial in the county court began on September 30, 2010.

Assuming without deciding that notice was not properly given to Colbert, we apply a harm analysis to claims of inadequate notice of termination of a federally-subsidized-housing lease. *Washington v. Related Arbor Court*, *LLC*, No. 14-10-00702-CV, 2011 WL 3570180, at *2 (Tex. App.—Houston [14th Dist.] Aug. 16, 2011, no pet. h.) (following *Nealy v. Southlawn Palms Apartments*, 196 S.W.3d 386 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

Colbert does not address harm in her appellate briefing; however, in post-trial briefing to the trial court, she argued that the harm to her included: (1) possible termination of her housing subsidy voucher, (2) the marring of her rental history record with an eviction, (3) possible inability to obtain housing assistance in the future due to her rental history and termination of her housing voucher, and (4) possibly incurring attorney's fees and court costs.[3] Each of these alleged items of harm, however, derives from the possibility of being evicted from the apartment, not from any inadequacies in the notice she received. As suggested in *Washington* and *Nealy*, a proper showing of harm would demonstrate difficulties in preparing a defense due to insufficient time or insufficient knowledge of the grounds for lease termination. *Washington*, 2011 WL 3570180, at *2-3 ("Washington does not argue that failure to receive notice by mail impeded her defense . . . ."); *Nealy*, 196 S.W.3d at 393 ("[N]either Nealy nor Nealy's counsel indicated they could not prepare a proper defense . . . .").

---

[3] Colbert's primary position in the trial court was that the notice requirements should be interpreted and applied strictly, without utilization of a harm analysis. We rejected this argument in *Washington*. 2011 WL 3570180, at *2-3. Colbert offered the list of potential harms in the alternative.

4

Here, Colbert's counsel directly acknowledged that she was prepared to present a defense and did not allege that any notice deficiencies hampered that defense in any way. Counsel called and examined witnesses, presented evidence, and vigorously represented Colbert's position in the case. There has been no showing of harm due to inadequate notice. Consequently, we overrule Colbert's first issue.

*Reasonable Accommodation*

In her second issue, Colbert contends that Langwick failed to make a reasonable accommodation for her disability and that such failure is a defense to an eviction from federally subsidized housing. Except for generally stating that Langwick was required under the federal Fair Housing Act to make reasonable accommodation for her due to her disability, Colbert does not offer any authority or any analytical framework in support of her argument. She does not explain what her disability is, what accommodations were required but not made, or how such failure constitutes a defense to eviction under the circumstances of this case. She also does not offer any citation to the record on this issue. Consequently, this issue is not sufficiently briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Accordingly, we overrule her second issue.

*Retaliation*

In her third issue, Colbert contends that Langwick was not entitled to the relief it sought because it retaliated against her in violation of Texas Property Code, chapter 92, subchapter "H." Retaliation, as defined by that subchapter, is a defense to an eviction proceeding. *See* Tex. Prop. Code § 92.335. Among other prohibitions, section 92.331 provides that a landlord may not retaliate by filing an eviction proceeding against a tenant within six months of the tenant's having filed certain types of complaints with governmental entities, except on the basis of grounds contained in section 92.332. *Id.* §

5

92.331.[4]  Permissible grounds for eviction set forth in section 92.332 include tenant's material breach of the lease. *Id.* § 92.332.

In the court below, Colbert asserted retaliation as a defense to the forcible detainer action and presented evidence that she had filed a complaint with the City of Houston on May 17, 2010, and the forcible detainer action was filed within six months of that complaint, on August 19, 2010. In response, Langwick presented evidence and argued that (1) it did not move to evict Colbert because of any complaints she may have filed with governmental entities, and (2) it instead moved to evict her based on her conduct toward other residents in violation of the lease agreement. Tamara Williams, Langwick's property manager, denied any retaliatory motive for the eviction proceedings and

---

[4] Section 92.331 states in its entirety:

> (a) A landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant:
>
>> (1) in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute;
>>
>> (2) gives a landlord a notice to repair or exercise a remedy under this chapter; or
>>
>> (3) complains to a governmental entity responsible for enforcing building or housing codes, a public utility, or a civic or nonprofit agency, and the tenant:
>>
>>> (A) claims a building or housing code violation or utility problem; and
>>>
>>> (B) believes in good faith that the complaint is valid and that the violation or problem occurred.
>
> (b) A landlord may not, within six months after the date of the tenant's action under Subsection (a), retaliate against the tenant by:
>
>> (1) filing an eviction proceeding, except for the grounds stated by Section 92.332;
>>
>> (2) depriving the tenant of the use of the premises, except for reasons authorized by law;
>>
>> (3) decreasing services to the tenant;
>>
>> (4) increasing the tenant's rent or terminating the tenant's lease; or
>>
>> (5) engaging, in bad faith, in a course of conduct that materially interferes with the tenant's rights under the tenant's lease.

Tex. Prop. Code § 92.331.

6

described Colbert's troubles with other residents. Several other residents also testified concerning their alleged difficulties with Colbert. While Colbert herself testified regarding many of the incidences, the trial court was within its authority as trier-of-fact to accept the testimony of the manager and other residents and discount that of Colbert herself. *See City of Keller*, 168 S.W.3d at 810-21.

The evidence is sufficient to support the trial court's implied finding that Langwick did not file its forcible detainer action in retaliation for Colbert having filed a complaint with a governmental entity. Consequently, we overrule Colbert's third issue.

We affirm the trial court's judgment.

/s/          Martha Hill Jamison
                  Justice

Panel consists of Justices Frost, Seymore, and Jamison.