**Reversed and Rendered and Majority and Concurring Opinions filed April 30, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00045-CV

---

**BETTY GETERS, Appellant**

**V.**

**BAYTOWN HOUSING AUTHORITY, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1017979**

---

## CONCURRING OPINION

At issue in this case is a lease agreement in which the landlord is subject to the regulations of the Department of Housing and Urban Development ("HUD"). In this context, some defects in lease-termination notices or notices to vacate are subject to a harm analysis. Some are not.

Defects in the manner by which notice is served or in the specificity of the language used in such notices are subject to a harm analysis; however, a failure to

give the tenant any notice or to give the notice at the required time is not subject to a harm analysis.

The majority correctly concludes that appellee Baytown Housing Authority failed to give appellant Betty Geters a notice to vacate at the time required by section 24.005(e) of the Property Code.[1] The majority also correctly determines that this defect requires this court to reverse the county court's judgment and render judgment in favor of Geters, without any inquiry as to whether Geters was harmed by Baytown Housing Authority's failure to give notice to vacate at the time required by section 24.005(e).[2] Yet, this court and the First Court of Appeals have held that, under certain circumstances, inquiry should be made into the harm, if any, caused by a defective notice.[3]

In *Nealy v. Southlawn Palms Apartments*, a case involving a forcible-detainer action against a tenant in an apartment complex subject to HUD regulations, the First Court of Appeals concluded that the landlord's notice of termination was defective because it did not adequately detail the grounds upon which the landlord was terminating the lease.[4] Addressing an issue of apparent first impression under Texas law, the *Nealy* court held that the forcible-detainer judgment in the landlord's favor should not be reversed based upon this defect

---

[1] *See* Tex. Prop. Code Ann. § 24.005 (West 2014). Unless otherwise specified, all statutory references in this opinion are to the Property Code.

[2] Based on this court's precedent and the lease agreement's requirement that the Baytown Housing Authority comply with applicable HUD regulations, this appeal has not become moot. *See Washington v. Related Arbor Court, LLC*, 357 S.W.3d 676, 678 n.1 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Kennedy v. Andover Place Apts.*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

[3] *See Washington*, 357 S.W.3d at 680; *Nealy v. Southlawn Palms Apartments*, 196 S.W.3d 386, 391–92 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[4] *See Nealy*, 196 S.W.3d at 389–91.

unless the tenant was harmed by the defect.[5]  The *Nealy* court concluded that the tenant had not been harmed.[6]

In *Kennedy v. Andover Place Apartments*, a case involving a forcible-detainer action against a tenant in a housing project subject to HUD regulations, a panel of this court concluded that the landlord failed to give the tenant a notice to vacate at the time required by section 24.005(e).[7]  The *Kennedy* court then concluded that "[b]ecause [the landlord's] attempted termination of [the tenant's] tenancy did not comply with section 24.005, [the landlord] was not entitled to prevail in its forcible-detainer action."[8]  Though it did not expressly state that a landlord's failure to give the tenant a notice to vacate at the time required by section 24.005(e) required reversal of the county court's judgment without any inquiry into whether the tenant was harmed by this defect, the *Kennedy* court did not conduct such an inquiry and effectively held that no such inquiry was necessary.[9]

In *Washington v. Related Arbor Court, LLC*, another appeal from a forcible-detainer action against a tenant in a housing project subject to HUD regulations, a panel of this court presumed for the sake of argument that the notice of termination given to the tenant by the landlord was defective because the notice was left outside the door of the tenant's apartment and was received by the tenant but was not delivered in any of the ways listed in the applicable regulation.[10] The *Washington* court applied the *Nealy* court's analysis to the alleged notice defect at

---

[5] *See id*. at 391–92.

[6] *See id*. at 392–93.

[7] *See Kennedy*, 203 S.W.3d at 498.

[8] *Id*.

[9] *See id*.

[10] *See Washington*, 357 S.W.3d at 678–80.

issue in *Washington* and held that the forcible-detainer judgment in the landlord's favor should not be reversed based upon this defect unless the tenant was harmed as a result of it.[11] The *Washington* court concluded that, even presuming that the termination notice was not properly served, the tenant had not been harmed.[12] Therefore, the *Washington* court concluded that any such defect did not require reversal of the county court's judgment.[13] In doing so, the *Washington* court stated, "[w]e follow our sister court in applying a harm analysis to claims of inadequate notice of termination of a federally subsidized residential lease."[14] This statement could be interpreted as a broad statement that all defects in termination notices or notices to vacate are subject to a harm analysis, and under this interpretation the *Washington* opinion would conflict in part with the *Kennedy* opinion.[15] Nonetheless, a review of the *Washington* opinion shows that the court simply concluded that the type of defect at issue in that case was subject to a harm analysis and that the *Kennedy* court's analysis and holding do not apply to defects such as a failure to give the tenant a notice to vacate at the time required by section 24.005(e).[16]

Thus, it would not be in keeping with existing precedent to reverse the county court's forcible-detainer judgment in the landlord's favor based upon defects in the manner of service of notice or in the specificity of the terms of the

---

[11] *See id.* at 680–81.

[12] *See id.*

[13] *See id.*

[14] *Id.* at 680.

[15] *See Kennedy*, 203 S.W.3d at 498.

[16] *See Washington*, 357 S.W.3d at 680–81. It should be noted that this court's opinion in *Newhouse v. Settegast Heights Village Apartments* does not speak to this issue because that case dealt with the absence of any proper basis for the landlord to terminate the lease, rather than any defect in the termination notice or notice to vacate. *See* 717 S.W.2d 131, 131–34 (Tex. App.—Houston [14th Dist.] 1986, no writ).

notice, unless the tenant was harmed by the defect.[17]  On the other hand, it is proper to reverse the county court's forcible-detainer judgment in the landlord's favor without inquiring into whether the tenant was harmed if the landlord failed to give the tenant a notice to vacate at the time required by section 24.005(e).[18] Under this precedent, the court correctly reverses the county court's judgment without any inquiry into whether Geters was harmed by the Baytown Housing Authority's failure to give her a notice to vacate at the time required by section 24.005(e).[19]

For the foregoing reasons, I respectfully concur in the court's judgment.


/s/ Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison.  (Jamison, J., majority).

---

[17] *See Washington*, 357 S.W.3d at 680–81; *Nealy*, 196 S.W.3d at 391–92.

[18] *See Kennedy*, 203 S.W.3d at 498.

[19] *See id.*