**Affirmed and Memorandum Opinion filed December 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00078-CV

---

## GEORGE WOOD, Appellant

### V.

## MARTI KENNEDY AND DOYLE MURPHREE, JR. AS CO-ADMINISTRATORS OF THE ESTATE OF DOYLE MURPHREE, DECEASED, Appellees

---

**On Appeal from the Probate Court**
**Galveston County, Texas**
**Trial Court Cause No. PR-0073916-B**

---

## M E M O R A N D U M   O P I N I O N

In this appeal following a remand, George Wood challenges the trial court's award of $6,500, together with interest and costs, as the reasonable rental value owed by him as a tenant at sufferance. In two issues, Wood contends that the trial court erred

in overruling his Daubert[1] challenge to expert testimony regarding rental value, and that no evidence supports the trial court's judgment. Appellees Marti Kennedy and Doyle Murphree, Jr. as Co-Administrators of the Estate of Doyle Murphree, Deceased, filed a cross-appeal raising a single issue challenging the trial court's judgment denying them attorneys' fees.

Concluding that Wood has not shown an abuse of discretion in overruling his objection and that unchallenged evidence from the expert supports the trial court's finding of the reasonable rental value, we overrule Wood's two issues on appeal. We further conclude that the trial court correctly denied appellees' request for attorneys' fees because they did not comply with the requirements of section 24.006(a) of the Texas Property Code. We thus overrule appellees' issue and affirm the trial court's judgment.

## BACKGROUND

Our prior opinion contains a detailed recitation of the facts and procedural history of this case up through the first trial. *See Wood v. Kennedy*, 473 S.W.3d 329, 333 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In the opinion, we concluded that evidence supported a finding that Wood, who used a commercial building owned by appellees to store goods, held the status of a tenant at sufferance. *Id.* at 336. As a tenant at sufferance, Wood is liable for the reasonable rental value of the property for the ten-month period he held over between September 2012 and July 2013. *Id.* We also concluded that no evidence supported the trial court's finding of $6,250 as the reasonable rental value of the property, but that legally sufficient evidence did exist to support an amount of $2,500, and thus suggested a remittitur. *Id.* at 340. Appellees did not accept our suggestion of remittitur and the case was remanded for a new trial

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

on damages, attorneys' fees, and costs.[2]

On remand, the trial court held a one-day bench trial. Appellees presented evidence that Wood had been storing items for his business in a commercial building owned by Doyle Murphree, Sr. (now deceased) in LaMarque, Texas. Kennedy, the deceased's daughter and co-administrator of the estate, asked Wood to vacate the premises. Wood did not do so for a period of ten months, and appellees ultimately filed a petition for eviction in the probate court seeking possession, damages for ten months of unpaid rent, and attorneys' fees and costs.

After removing Wood from the building in July 2013, appellees listed the property for sale at a price of $150,000. At the time the property was listed for sale, it required work: the siding on the metal building had holes in the sheet metal, there were rusty screws, a broken window had been covered in plywood, and some water damage was present on the walls. Nevertheless, in July 2015, Felix Alvarez, the pastor of Central Christiano Church, LaMarque, purchased the property with the intention of converting it into a church building. Alvarez learned that the building was for sale when he saw a sign in front. He called the real estate agent listed on the sign and visited the building before making an offer. Alvarez purchased the building for $125,000, paying ten percent down and owner-financing the remainder at eight percent interest. At the time of trial, Alvarez was current on all payments. Alvarez testified that he spent between $80,000 and $100,000 remodeling the building into a church. He had never met appellees before and believed he paid a fair price for the building based on his prior searches for buildings in nearby areas.

Appellees also presented evidence from licensed real estate broker Cindy Kates.

---

[2] Although a court of appeals may not remand for a new trial on damages only where liability is contested, *see* Tex. R. App. P. 44.1(b), here "Wood did not contest liability or possession in the probate court, and he admitted that he had not paid rent since his initial payment in September 2012." *Wood*, 473 S.W.3d at 340.

3

Kates provided her opinion regarding the reasonable rental value of the property, basing her opinion on: (1) her performance of a comparative market analysis; and (2) the sale of the property to Alvarez. With regard to the comparative market analysis, Kates reviewed information on eight properties currently for lease, two properties that had sold, seven properties or land in the vicinity currently for sale, two buildings that were for sale or lease, and six metal storage facilities. With regard to the actual sale of the property to Alvarez, Kates stated that the market value of a property as reflected in its sales price can be used to determine what an owner can expect in monthly rental. According to Kates, an owner can expect to receive approximately one percent of the property's value each month in rent. Based on her comparative market analysis and the sale of the property to Alvarez, Kates opined that a reasonable rental value for the property during the holdover period would be between $850 and $1,250 per month.

Wood lodged a Daubert challenge to Kates's opinion. Wood did not challenge Kates's credentials but did argue that her opinion was unreliable and contained analytical gaps because she never personally went in the building before it was sold to Alvarez, she used the term "price" rather than "value" in her comparative market analysis for the property, and her comparables were too dissimilar to the building occupied by Wood to be of any use. Wood did not challenge Kates's opinion that a reasonable rental value may be ascertained by considering the market value of the property based on the sale to Alvarez. The trial court overruled Wood's objection.

Wood also testified regarding the property. Wood acknowledged that he and Kennedy's father, Murphree Sr., agreed before Murphree Sr.'s death that Wood would pay $250 per month as rent with the understanding that they would negotiate further on a purchase price for the property. Wood provided a description of the condition of the property at the time he left it in July 2013, including the holes in the sheet metal, a leaky roof, a broken window, and water damage.

4

The trial court signed findings of fact and conclusions of law in which it expressly found that "the reasonable rental value of the building for the period of time it was used and occupied by George Wood is $650.00 per month." The court further concluded that appellees did not comply with section 24.006(a) of the Texas Property Code, which requires a landlord seeking attorneys' fees to state in the written demand to vacate that if the landlord files suit, the landlord may recover fees. Thus, appellees were not entitled to their fees. The trial court signed a final judgment that awarded appellees $6,500 in unpaid rent plus costs and interest; the court denied all other relief. This appeal followed.

## ANALYSIS

On appeal, Wood argues in two issues that the evidence was legally insufficient to support the trial court's award of rental because the expert opinion of Kates was not reliable under Daubert, and without Kates' testimony there is no evidence to support the trial court's judgment of $6,500 in damages. Wood argues the issues together, stating they are "analytically inseparable." We likewise address the two issues together before turning to the appellees' issue on cross-appeal concerning their attorneys' fees.

I. **Legally sufficient evidence supports the trial court's finding of $650 per month as a reasonable rental value.**

A. **Standard of review**

In a non-jury trial, the trial court's findings of fact and conclusions of law have the same force and dignity as a jury verdict and may likewise be challenged for legal and factual sufficiency. *Catalina v. Blasdel*, 881 S.W.3d 295, 297 (Tex. 1994); *Tigner v. City of Angleton*, 949 S.W.2d 887, 888-89 (Tex. App.—Houston [14th Dist.] 1997, no pet.). In conducting a legal-sufficiency review, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that supports it. *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d

5

547, 550 (Tex. App.—Houston [14th Dist.] 2013, no pet.). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.* at 551. We must credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *Id.* The trier of fact is the sole judge of the witnesses' credibility and the weight to afford their testimony. *Id.*

When, as here, there is a complete reporter's record of the trial, the trial court's findings of fact will not be disturbed on appeal if there is any evidence of probative force to support them. *See Barrientos v. Nava*, 94 S.W.3d 270, 288 (Tex.App.—Houston [14th Dist.] 2002, no pet.). Likewise, incorrect conclusions of law will not require reversal if the controlling facts support a correct legal theory. *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 310-11 (Tex. App.—Houston [14th Dist.] 2017, pet. filed).

### B.   Kates's opinion provides some evidence of the property's reasonable rental value.

Expert witnesses testifying about valuation of property are subject to the same relevance and reliability standards that apply to all expert witnesses. *Houston Unlimited, Inc. Metal Processing v. Mel Acres Ranch*, 443 S.W.3d 820, 829 (Tex. 2014). Once an objection is made, the offering party must establish that the opinion is reliable, and we review the trial court's ruling on an objection to the reliability of the expert's opinion for an abuse of discretion. *Guadalupe-Blanco River Auth. v. Kraft*, 77 S.W.3d 805, 807 (Tex. 2002).

On appeal, Wood contends that the comparative market analysis Kates used to determine fair rental value is not reliable because the properties in her analysis were too dissimilar to the subject property and because she relied on asking prices for rentals rather than consummated deals. To be a reliable comparative analysis, the comparable

6

properties used must be sufficiently comparable to the subject property. *See Kraft*, 77 S.W.3d at 808 ("The comparable sales method fails when the comparison is made to sales that are not, in fact, comparable to the land condemned.").

We need not decide whether Kates's comparative analysis was based on properties that were not sufficiently comparable, however. Kates also testified to a different method of determining the reasonable rental rate based on the actual sales price of the property, and Wood has not challenged that method.

As the Supreme Court of Texas explained in *Mel Acres*, when an expert opinion is admitted without objection, the opinion may be considered probative evidence of value "even if the basis for the opinion is unreliable." *Mel Acres*, 443 S.W.3d at 829 (internal citations omitted). For the opinion to provide sufficient evidence to support a judgment, however, it must have a factual basis; if an opinion is offered without any basis or if the basis offered provides no support, the opinion is conclusory and considered no evidence. *Id.* (citing *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009)); *see also Wood*, 473 S.W.3d at 338 (opinion of market value that does not provide factual basis behind determination is conclusory and no evidence). Because Wood also challenges the legal sufficiency of the evidence supporting the trial court's judgment, we consider whether Kates's opinion of a reasonable rental price based on the actual sales price of the property was supported by a factual basis.

Kates, who has managed properties for clients over the years, explained that she calculates rental prices based on the market value of the property. She testified that, in general, a property worth $125,000—the sales price of this property—rents for $1,250 per month, or one percent of its market value. In this case, Kates reduced her opinion of rental price to a range of $850 to $1,200 per month to take into account that properties in the area increased in value between 2013, when Wood occupied the building, and 2015, when the property was sold to Alvarez.

7

Wood did not complain below and has not complained on appeal that this method cannot be used to determine rental value. Instead, Wood attacks a specific part of the factual basis for the opinion, arguing that the sale to Alvarez cannot be used to determine fair market value because the sale was a purported "sweetheart deal." In *Mel Acres*, the expert relied on the sales of two comparable properties to determine diminution in market value of the subject property. 443 S.W.3d at 831-32. One of the properties relied on by the expert was described as a sweetheart deal, because it was sold by an employer to its former employee at a reduced rate to compensate him for early termination of his employment. *Id.* at 828, 832. The Supreme Court of Texas held that the expert should not have relied on the sale of that property because it did not represent a true arm's-length transaction. *Id.* at 832 ("Generally, an arm's-length transaction is one between two unrelated parties with generally equal bargaining power, each acting in its own interest.").

In this case, there is no evidence to support Wood's claim that the sale to Alvarez was anything other than an arm's-length transaction. Alvarez testified that he found out the building was for sale when he saw a sign in front of it. He called the number of the real estate agent listed on the sign and visited the building before putting in an offer. He had never met appellees before the closing. Although the transaction was owner-financed, Kennedy stated "[t]hat's kind of what we do on all our rentals when we . . . sell them." Alvarez was current on all payments at the time of trial. Alvarez stated he believed he paid a fair price for the building based on his prior searches in nearby areas. This evidence indicates that the sale to Alvarez was not a sweetheart deal. Instead, it was a transaction between two unrelated strangers, each with bargaining power and acting in their own interest. Accordingly, we conclude that the sales price of the property need not be disregarded as a basis of Kates's opinion on the ground advanced by Wood.

8

The trial court heard testimony from Wood that he agreed to pay $250 per month in rent to Murphree Sr. As we explained in our previous opinion, this is some evidence of a fair market rental value of $250 per month.[3] *Wood*, 473 S.W.3d at 340. Kates also offered her opinion that the percentage-of-market-value rental rate calculated from the Alvarez sale fell within a range of $850 to $1,200 per month, taking into account that the property would have appreciated between the time Wood vacated the property and the time of sale. The trial court, as the finder of fact, could have believed $250 was too low given the market value of the building based on the Alvarez sale, but could also have decided that Kates did not adjust downward sufficiently based on the condition of the building. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) ("[T]he trier of fact is afforded considerable discretion in evaluating opinion testimony on the issue of damages."); *see also Galvan v. Garcia*, No. 14-16-00162-CV, 2018 WL 3580574, at *4 (Tex. App.—Houston [14th Dist.] July 26, 2018, pet. filed) (mem. op.). We therefore conclude there is legally sufficient evidence to support the trial court's finding of $650 per month. *See McGalliard*, 722 S.W.2d at 697.

We hold the trial court did not abuse its discretion in denying Wood's Daubert objection to Kates's opinion and that the trial court's finding of $650 per month as a reasonable rental value is supported by legally sufficient evidence. We overrule Wood's two issues.

## II.     The trial court properly denied appellees' request for attorneys' fees.

In their cross-appeal, appellees argue they are entitled to fees under section 38.001 of the Texas Civil Practice and Remedies Code because they prevailed on a claim for breach of an oral contract. We disagree. In our prior opinion, we held that

---

[3] On appeal, Wood argues the reasonable rental value of the property is zero, citing his expert testimony that the property had zero rental value given the "dilapidated" condition of the building. The trial court, however, expressly found this testimony to be of "no value" and struck the testimony. Wood has not assigned any error on appeal regarding the trial court's decision to strike the testimony.

Wood was a tenant at sufferance and no oral agreement regarding the payment of rent existed that would allow recovery of attorneys' fees under section 38.001. *Wood*, 473 S.W.3d at 340, 341 ("Given the probate court's implied finding that Wood was a tenant at sufferance, the prior lease does not govern."); *see Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 917 (Tex. 2013) ("Coinmach thus became a tenant at sufferance, and there existed no express or implied contract or agreement between the parties."). The trial court was required to adhere to our holding on remand, and we will not revisit the issue here. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("When this court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue."). Thus, there is no oral agreement on which appellees could recover attorneys' fees under section 38.001.[4]

We also noted in our prior opinion that attorneys' fees are recoverable under section 24.006 of the Property Code where certain requirements are met, but we expressed no opinion as to whether those requirements had been met in this case. *Wood*, 473 S.W.3d at 341 n.5. On remand, the trial court determined that appellees had not satisfied the requirements for recovering fees under section 24.006 because the notice to vacate provided by appellees was insufficient. We agree.

Under the Property Code, a prevailing landlord is eligible to recover fees if the landlord gives the tenant a "written demand to vacate . . . [stating] that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees." Tex. Prop. Code Ann. § 24.006(a) (West 2014). Failure to provide the requisite statutory notice

---

[4] Appellees argue in their brief that the trial court erred in concluding that section 24.006(a) of the Texas Property Code governs the dispute and thus precludes appellees from recovering attorneys' fees on a contract theory under section 38.001. Because we have already held that the prior oral lease does not provide a contractual basis for recovering fees under section 38.001 given Wood's status as a tenant at sufferance, we need not reach appellees' contention that the trial court erred in this conclusion. Tex. R. App. P. 47.1.

bars a prevailing landlord from recovering its attorneys' fees. *See Briones v. Brazos Bend Villa Apts.*, 438 S.W.3d 808, 815 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (rendering judgment against landlord on attorneys' fees because landlord did not provide statutory notice); *Washington v. Related Arbor Court, LLC*, 357 S.W.3d 676, 682 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (trial court abused its discretion in awarding fees because no evidence that landlord complied with notice requirement).

Here, the notice to vacate that appellees sent Wood contains no statement that if the landlord files suit, it may recover attorneys' fees. As a result, appellees failed to comply with the notice provisions of section 24.006 of the Property Code and the trial court properly denied their attorneys' fees. *Id.* We overrule appellees' cross-issue on appeal.

## CONCLUSION

Having overruled Wood's two issues on appeal and appellees' cross-issue on appeal, we affirm the trial court's judgment.

/s/     J. Brett Busby
Justice

Panel consists of Justices Boyce, Busby, and Wise.

11